## PALM BEACH COUNTY ENVIRONMENTAL COALITION, et al., Plaintiffs,

v.

## The State of FLORIDA, et al., Defendants,

## Florida Power and Light Company, Applicant–Intervenor.

### Case No. 08–80553–CIV.

United States District Court, S.D. Florida.

Nov. 18, 2008.

Barry Morris Silver, Barry M. Silver PA, Boca Raton, FL, David P. Reiner, II, Reiner & Reiner PA, Miami, FL, for Plaintiffs.

Jonathan A. Glogau, Attorney General Office, Kenneth Hayman, Department of Environmental Protection, Richard Stephen Brightman, Hopping Green & Sams, Tallahassee, FL, Mark Arthur Brown, Norman L. Rave, Jr., Kristofor R. Swanson, United States Department of Justice, Environment & Natural Resources Division, Washington, DC, Gerard Joseph Curley, Jr., Gunster Yoakley & Stewart, Leon St. John, III, Palm Beach County Attorney's Office, West Palm Beach, FL, Robert Anthony Malinoski, Gunster Yoakley & Stewart, Fort Lauderdale, FL, for Defendants.

### ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF [DE 15] AND DENYING INTERVENOR–DEFENDANT'S MOTION IN LIMINE [DE 40]

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' Emergency Motion for Temporary Injunctive Relief [DE 15]. I have reviewed the record and am otherwise fully advised in the premises.

**Background**

In this action, Plaintiffs Palm Beach County Environmental Coalition, *et al.*, brings this case against The State of Florida, Palm Beach County, as a political subdivision of the State of Florida; Charles J. Crist, Jr., as Governor, in his official capacity; the Florida Department of Environmental Protection; and Michael W. Sole, as Secretary, in his official capacity ("State Defendants"); the United States Army Corps of Engineers; Lt. Gen. Robert L. Van Antwerp, Commander and Chief of Engineers, in his official capacity ("Federal Defendants"); Gulfstream Natural Gas Systems, L.C.C., and Palm Beach Aggregates, Inc., a Florida corporation. Florida Power & Light Co. is an intervenor-defendant. Plaintiffs have brought the instant motion to halt construction of a power plant in Palm Beach County known as the West county Energy Center ("WCEC").

Plaintiffs allege that the WCEC will "have devastating and irreversible consequences upon the environment, including but not limited to, the emitting of over 12.5 million tons of greenhouse gases per year into the atmosphere which will greatly exacerbate global warming, the release of

thousands of tons of noxious gases and chemicals into the surrounding environment of the WCEC, which borders the Loxahatchee National Wildlife Refuge and the Corbett Wilderness Area, the deep well injection of large amounts of pollutants into Florida's aquifer in ways that are untested and unprecedented, the opening up for development of huge areas of current open space, Everglades buffer land and farmland, the loss of much wildlife habitat and further destruction of wildlife and endangered species due to the construction and operation of the WCEC, and other specified environmental harm as alleged in the Complaint." [DE 15, ¶ 3].

The amended complaint [DE 13] for declaratory and injunctive relief, alleges eight counts: violations of the Clean Air Act ("CAA") (Count I); violations of the National Environmental Policy Act ("NEPA") (Count II); violations of the Endangered Species Act ("ESA") (Count III); violations of the Clean Water Act ("CWA") and the Rivers and Harbors Act ("RHA") (Count IV); violations of Section 373.013, Florida Statutes (Count V); violation of Section 286.011, Florida Statutes (Count VI); violation of Federal RICO statutes (Count VII); and violation of Florida RICO statutes (Count VI). Plaintiffs ultimately seek declaratory judgment that certain government agencies and officials have violated the above stated statutes, and injunction of any action in furtherance of developing the WCEC until such individuals and entities are in compliance with the statutes.

In the interim, plaintiffs requested emergency temporary injunctive pending resolution of the issues by the Court, halting construction of WCEC [DE 15]. Specifically, plaintiffs sought an order that defendants must immediately cease all activities towards the further construction,

planning or financing of the proposed WCEC project, including but not limited to, the Gulfstream Pipe Line, and an order declaring all permits and approvals granted by any governmental agencies or bodies, including the defendants in favor of the WCEC, are invalid.

Plaintiffs filed their amended complaint [DE 13] on August 25, 2008, and moved for temporary injunctive relief [DE 15] on August 29, 2008. On September 23, 2008, Intervenor–Defendant, Florida Power & Light, Co., filed a response in opposition to plaintiffs' emergency motion for temporary injunctive relief [DE 24]. The Federal Defendants filed their proposed findings of facts and conclusions of law [DE 28] on September 20, 2008, and their amended proposed findings of facts and conclusions of law [DE 32] on October 1, 2008. Intervenor–Defendant, Florida Power & Light Co., filed its proposed findings of facts and conclusions of law [DE 29] on September 30, 2008. Plaintiffs filed their proposed findings of facts and conclusions of law [DE 31] on October 1, 2008.

The hearing on plaintiffs' motion for temporary injunctive relief was held on October 6, 2008. Plaintiff put forth the testimony of expert witnesses, and attorneys for plaintiffs, defendants, and intervenor-defendants made arguments.

**Legal Standard**

 To prevail on their motion, plaintiffs must establish four element justifying issuance of a preliminary injunction: (1) substantial likelihood of success on the merits; (2) immediate and irreparable injury absent injunctive relief; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.[1] *Klay v. United*

---

1. Although this element is generally considered in the case of preliminary injunctions,

only, because the relief granted here may be

*Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir.2004); *South Dade Land Corp. v. Sullivan*, 853 F.Supp. 404, 406 (S.D.Fla. 1993).

## Analysis

Plaintiffs have failed to make a showing that warrants injunctive relief. At the time of the hearing, neither the federal nor state defendants had been served. The federal defendants had not been served with process pursuant to Fed.R.Civ.P. 4(i)(1) which provides that service upon the United States be effected by delivering a copy of the summons and complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court, or by sending a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Further, Fed.R.Civ.P. 4(m) requires that a complaint and summons be served within 120 days after filing the complaint, which plaintiffs failed to do in this case. In addition, plaintiffs have failed to provide the Federal Defendants with the requisite notices of intent to sue under 42 U.S.C. § 7604(b)(1)(A), 16 U.S.C. § 1540(g)(2)(A)(I), and 33 U.S.C. § 1365(b)(1)(A), as required for suits under the Clean Air Act (Count I), the Endangered Species Act (Count III), and the Clean Water Act (Count IV), respectively. Therefore, the Court does not appear to have jurisdiction over the Federal Defendants in the instant action. In addition, the Court does not appear to have jurisdiction to review and interfere with the proceedings or orders of the Florida Department of Environmental Protection, and therefore does not appear to have jurisdic-

temporary (injunctive relief pending further administrative action) the Court has also considered the public interest prong in this case.

tion to hear the claims against the State Defendants.

■ Even if these jurisdictional service defects did not exist, I would still deny plaintiffs' motion because plaintiffs failed to show a substantial likelihood of success on the merits, and I have serious doubts about the emergency nature of plaintiffs' motion. Plaintiff failed to show that there is an actual emergency at hand, for which there is a threat of irreparable and immediate injury absent injunctive relief. Plaintiffs filed a similar complaint on May 25, 2007, and subsequently voluntarily dismissed the action on January 14, 2008.[2] The instant action was re-filed on May 23, 2008. In addition, it appears from the record that no defendant has received proper service of process as of the date of the hearing. Plaintiffs substantial delay in both seeking injunctive relief when the substantial issues were known to the plaintiffs as early as May of 2007, and plaintiffs' failure to timely serve defendants belies plaintiffs argument that there will be immediate injury absent injunctive relief. Plaintiffs also failed to demonstrate irreparable harm at this point because the permitting and construction of the pipeline and intake system has already been accomplished, and the plant will not be operational for many months.

■ Plaintiffs failed to show a likelihood of success on the merits. It appears from the record that the Army Corps of Engineers does not have jurisdiction over the entire WCEC project, but only over the projects it authorized: the pipeline and intake system. Therefore, plaintiffs have not shown that the Corps should conduct an Environmental Impact Statement ("EIS") for the WCEC project.

**2.** *See PBCEC v. State of Florida, Florida Dep't of Environmental Protection,* Case No. 07–80455–CIV–MIDDLEBROOKS/JOHNSON.

Finally, plaintiffs have failed to show that there is a legitimate basis for the Federal and Florida RICO claims with respect to the former county commissioners because plaintiffs have not established a connection between the former county commissioners and the proposed WCEC project. Therefore, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' emergency motion for temporary injunctive relief [DE 15] is DENIED. It is further ORDERED AND ADJUDGED that Intervenor–Defendant's Motion in Limine [DE 40] is DENIED AS MOOT.